**PORTER, Price Administrator, v. TOWNS et al.**

**Civil Action No. 2957.**

District Court, N. D. Georgia, Atlanta Division.

Aug. 9, 1946.

James M. Roberts, of Atlanta, Ga., and Graydon D. Reddick, of Sylvania, Ga., for plaintiff.

Ralph R. Quillian, of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

Plaintiff made application for an order for compliance by defendants with an inspection requirement of the Office of Price Administration. The application prayed: (1) That the Court issue an order requiring the respondent to appear at the Atlanta District Office of the Office of Price Administration and to produce records covering the purchase, sale, trade, delivery, and transfer of used passenger automobiles from January 1, 1946, to April 1, 1946, or in the alternative, to permit, by a duly accredited representative of the Atlanta District Office of the Office of Price Administration, the inspection and copying of said records at the place of business of said respondent in Atlanta, Georgia. (2) Such other and further relief as the circumstances may require.

The said inspection order, attached to petition as an exhibit, required defendant "To permit W. J. Soast, representative of the Office of Price Administration to inspect at your place of business the following documents: All books, records, ledgers, invoices, bank statements, bank deposit slips, receipts, and other documents relating to the purchase, sale, trade, delivery, or transfer by you of used passenger automobiles from January 1, 1946 to April 1, 1946, now in your possession or under your control, by April 8, 1946. And to permit the aforesaid representative of the Office of Price Administration to copy all or any part of the said documents."

To this application for enforcement of the Inspection Requirement Order, defendants filed their motion to quash on the grounds: (1) That same was invalid because issued by D. Elie McCord, District Director of the Office of Price Administration, and not by the Price Administrator, (2) that it required the production of private papers and records; and (3) that it seeks the production of records and documents not relevant to the inquiry sought to be made and are not such records and documents as required to be produced by the Emergency Price Control Act, 50 U.S. C.A. Appendix, § 901 et seq.

It is to be observed in the first place that the order of the District Director, Office of Price Administration, is an inspection requirement and not a subpoena or subpoena duces tecum. He has not attempted to issue a subpoena.

The petition in this case prays for an order of court directing the defendants to appear and produce documents, or in the alternative, to enforce compliance with the inspection requirement. No question is here raised as to the authority for filing this action.

The question, therefore, does not arise as to whether or not, under the case of Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895, the Administrator may delegate his authority to issue subpoenas, but it is a question, first, as to whether or not the Court may require defendants to appear and produce records at the Office of Price Administration, and, second, whether or not the Administrator may delegate his authority to make investigations, to examine relevant documents and to make copies of same.

If the Court has power to grant the alternative relief prayed for, the first question may never arise and the motion to quash should be denied.

The Emergency Price Control Act provides:

"(a) The Administrator is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act (sections 901–946 of this Appendix), or in the administration and enforcement of this Act (sections 901–946 of this Appendix) and regulations, orders, and price schedules thereunder.

"(b) The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity, or who rents or offers for rent or acts as broker or agent for the rental of any housing accommodations, to furnish any such information under oath or affirmation or otherwise, to make and keep records and other documents, and to make reports, and he may require any such person to permit the inspection and copying of records and other documents, the inspection of inventories, and the inspection of defense-area housing accommodations. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpena require any such person to appear and testify or to appear and produce documents, or both, at any designated place.

"(c) For the purpose of obtaining any information under subsection (a), the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, at any designated place. * * *

"(e) In case of contumacy by, or refusal to obey a subpena served upon, any person referred to in subsection (c), the district court for any district in which such person is found or resides or transacts business, upon application by the Administrator, shall have jurisdiction to issue an order requiring such person to appear and give testimony or to appear and produce documents, or both; and any failure to obey such order of the court may be punished by such court as a contempt thereof. * * *." Title 50 U.S. C.A.Appendix, § 922(a), (b), (c) and (e).

It will be observed from these quoted subsections of the Emergency Price Control Act that a distinction is made between the issuing of subpoenas and investigations and inspections to be made upon the premises of the party to be investigated.

Issuance of the Inspection Requirement was clearly within the authority of the Administrator and, in my opinion, the authority to issue same was properly delegated to the District Director and should have been obeyed.

The motion to quash is denied and overruled.